PEOPLE, PLAINTIFF AND APPELLEE, *v.* ANDREU, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 162 of the Penal Code.

MOTION by the Appellee for Dismissal of the Appeal.

No. 976.—Decided April 27, 1916.

JUDGMENT—APPEAL—CONSENT.—A motion for the entry of a judgment in conformity with the previous decision of the court, in order to test the soundness of said decision or judgment on appeal, is not such consent as constitutes a waiver of the right of appeal.

ID.—INFORMATION.—No valid judgment of conviction can be entered upon an information which charges no offense.

PLEA OF GUILTY—CONFESSION—INFORMATION.—The effect of a plea of guilty is a record admission of whatever is well pleaded in the information. If the information is insufficient the defendant confesses nothing.

The facts are stated in the opinion.
*Mr. Salvador Mestre, fiscal,* for the appellee.
The appellant did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant, appellant, was convicted of a violation of section 162 of the Penal Code under an information charging the facts as follows:

' "The aforesaid defendant, on or about one of the days of the month of July, 1914, in Naguabo, within the judicial district of Humacao, then and there voluntarily caused his name to be registered in the Registry of Electors of Naguabo, electoral precinct of Naguabo, knowing that he was not entitled to such registration, not having attained the age required by the law to be an elector, to wit, 21 years."

This information was demurred to on the ground that the facts stated do not constitute a crime.

The demurrer was overruled and the defendant then pleaded guilty.

The *fiscal* moves to dismiss the appeal upon the ground, among others, that "in a criminal case a party cannot have a judgment properly entered on a plea of guilty reviewed by appeal or writ of error, since such judgment is in effect a judgment by confession," and cites in support of this view of the matter *Lowe* v. *State,* 11 Md. 1, 73 Atl. 637, 18 Ann. Cases, 744, 24 L. R. A. (N. S.) 439.

Regarded as a statement in general terms of a general rule the proposition is sound enough, but the principle involved has no application to the case at bar. The rule is based upon the theory of waiver and can apply only to the questions waived. It is familiar law that a motion or stipulation for the mere formal entry of a judgment in conformity with the previous ruling or decision of the court, in order to test the soundness of such ruling or decision on appeal, is not such consent as constitutes a waiver of the right of appeal. 3 C. J. p. 603, § 448, p. 671, § 546, p. 674, §§ 547, 548; 2 R. C. L. p. 57, §§ 38 *et seq.; Binet* v. *García,* 18 P. R. R. 331; *Nieves* v. *Sánchez,* 17 P. R. R. 837; *Torres* v. *Calaf, id.* 585, and cases cited.

In the Lowe case the court dwells at length upon the phrase *"properly entered"* qualifying the general principle as announced by most if not all of the authorities, points out that the word "properly" does not refer to the mere form of entry but relates rather to substance, and, in conclusion upon this

point, says: "We cannot hold that the judgment was properly entered within the meaning of the authorities relied on by the Attorney General; and, if not so entered, this appeal cannot be. dismissed."

Unless, therefore, we can say that the judgment herein was properly entered after overruling the demurrer, then the motion to dismiss cannot be granted. That no valid judgment of conviction can be entered upon an information which charges no offense is self-evident, and to assume that the information is sufficient in this regard is simply to beg the one vital question involved in this appeal.

Any application of the theory of the motion to the facts herein would suggest, if it does not involve, a return to the old common-law doctrine, according to which, even in capital cases "if" the defendant "will demur, and it be judged against him, he shall have judgment to be hanged." 2 Bishop's New Criminal Procedure, p. 609, § 782.

The true rule by which we must be governed in the case at bar is announced by the same author and in the volume last above mentioned with characteristic clearness and brevity, at page 620, § 795, where, referring to the plea of guilty, he says:

"The effect of this plea is a record admission of whatever is well alleged in the indictment. If the latter is insufficient, it confesses nothing; but if good, the court proceeds to the sentence  *   *   *."

See also *People* v. *García, ante,* No. 974, decided April 25, 1916.

The other grounds relied upon involve details of procedure and practice largely within the discretion and control of the court and need not be discussed.

The demurrer raises a fundamental question and the defect, if it exists, is fatal both to the information and the judgment. *People* v. *García, supra.*

The motion must be

*Denied.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.